Filed 6/21/23  P. v. Faumui CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075801 |
| v. | (Super.Ct.No. FBV3726) |
| VAVAO POLO FAUMUI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. John M. Tomberlin, Judge. Affirmed.

Vavao P. Faumui, in pro. per.; Dwyer and Kim and John P. Dwyer for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

In 2007, a jury convicted Vavao Faumui of first degree murder with true findings on the robbery and burglary felony-murder special circumstances. (Pen. Code, § 190.2, subds. (a)(17)(A), (a)(17)(G), (d).)[1] In 2019, Faumui filed a petition to vacate his murder conviction under section 1172.6 (formerly § 1170.95).[2] After an evidentiary hearing, the trial court found Faumui was "a major participant" in the underlying felonies and acted "with reckless indifference to human life" within the meaning of section 189, subdivision (e)(3) and denied the petition. (§ 1172.6, subd. (d).)

Faumui appealed the order denying his petition, and we dismissed the appeal as abandoned because neither he nor appointed counsel raised any arguable issues. The California Supreme Court subsequently granted review of our dismissal order and transferred the matter back to us with directions to vacate our order and reconsider the appeal under the *Wende*[3] guidance it articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Having done so, we affirm the order denying Faumui's petition.

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We use section 1172.6 to refer to whichever of the two statutes was in effect at the relevant time.

[3] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

# I

## BACKGROUND

At trial, the prosecution presented evidence that, late in the evening on September 8, 2003, Faumui and three other men attempted a home invasion robbery during which the victim was shot multiple times and later died from his injuries.[4] Many of the details of the incident came from Faumui's own admissions to law enforcement. He told police he had approached the home with two accomplices while the lookout, Robin Sherwood, waited in the car. Faumui said he carried a flashlight and his accomplices carried guns. They knocked on the door, and when the victim answered, they pushed their way into the house. Faumui struggled with the victim "[f]or a minute, not even that," and then "bee lined" for the door when he heard a gunshot.

Sherwood's friend, Jaramillo, testified he had let Sherwood borrow his grandmother's car that evening. He said that when Sherwood returned the car, around 2:00 a.m. the following morning, Sherwood told him they had just done "something" and "[s]omebody got shot." Later that day, when Jaramillo was at Sherwood's apartment, Sherwood proceeded to recount the details of the botched robbery while Faumui listened and nodded in agreement. Sherwood recounted how, when the victim opened the door, Faumui hit him with the flashlight and tried to wrestle him to the ground. When it became clear the victim was starting to gain the upper hand, Faumui told his friends to

---

[4] We take our factual summary from our unpublished opinion in Faumui's direct appeal, *People v. Faumui* (Oct. 20, 2008, E043981).

3

"shoot him." Faumui testified in his own defense and denied the conversation with Jaramillo had taken place.

The prosecution tried Faumui for first degree murder under the alternate theories of felony murder and direct aiding and abetting. The jury found him guilty of first degree murder, first degree burglary, and attempted first degree robbery in concert. As to each count, the jury found true the armed principal allegation (§ 12022, subd. (a)(1)), and as to the murder, they found true the robbery and burglary felony-murder special circumstance allegations (§ 190.2, subds. (a)(17)(A), (a)(17)(G), & (d)). Before sentencing, San Bernardino County Superior Court Judge John M. Tomberlin found Faumui had suffered four strike priors, four prior serious felony enhancements, and eight prison prior enhancements. For those priors and his current convictions, Faumui received a sentence of life without parole plus 25 years.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which, among other things, amended the definition of felony murder in section 189 and created a procedure for vacating murder convictions predating the amendment that could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.) Following this procedure, Faumui filed a petition to vacate his murder conviction in 2019. He alleged he had been convicted of first degree murder under a felony-murder theory and could not be convicted of murder under the new law because he was not a major participant in the felony and did not act with reckless indifference to human life during its commission.

4

At the evidentiary hearing on Faumui's petition, Judge Tomberlin concluded the evidence the People submitted established that Faumui "was the first person through the door, attacked the [victim] and urged his compatriot to kill the [victim] or at least to shoot him." Based on that evidence, the judge found Faumui was a major participant in the underlying felonies and acted with reckless indifference to human life within the meaning of section 189, subdivision (e)(3) and denied the petition.

Faumui appealed the denial of his petition, but we dismissed the appeal as abandoned when appointed counsel filed a no-issue brief under *Wende* and Faumui declined to file a supplemental brief when invited to do so. Faumui petitioned for review of our dismissal order, and on June 9, 2021, the California Supreme Court granted his request pending its decision in *Delgadillo*. Several months later, the Court issued *Delgadillo*, in which it held that appellate courts may dismiss *Wende* appeals of denials of section 1172.6 petitions when the defendant has been informed of their right to file a supplemental brief and both counsel and appellant have identified no arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The Court advised that, as a best practice, appellate courts should expressly notify defendants that their appeals may be "dismissed as abandoned" if counsel files a no-issue brief and they fail to file a supplemental brief "raising any argument [they] wish[] the court to consider." (*Id.* at p. 222.)

On March 22, 2023, the Court transferred this matter back to us with directions to vacate our dismissal order and reconsider whether to exercise our discretion to conduct

an independent review of the record "or provide any other relief" in light of *Delgadillo*. Because our order informing Faumui that his counsel had filed a no-issue brief and inviting him to file a supplemental brief did not expressly notify him that we could dismiss his appeal as abandoned if he failed to identify any arguable issues, we issued two orders. In one order, we invited the parties to file supplemental briefs in light of *Delgadillo*. In the other, we notified Faumui that his counsel had filed a no-issue brief and invited him once again to file a supplemental brief. We informed him that we would "evaluate the specific arguments presented" in his supplemental brief. We also notified him that "[f]ailure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

Neither the People nor appointed counsel filed additional briefing, but Faumui filed a supplemental brief raising one argument for our consideration. We turn now to consider the merits of his argument. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant files a supplemental brief, the appellate court is "required to evaluate the specific arguments presented in that brief and to issue a written opinion" but "[t]he filing of a supplemental brief . . . does not compel an independent review of the entire record to identify unraised issues"].)

## II

## DISCUSSION

Faumui argues that he did not know his accomplice would in fact shoot the victim and, as a result, the judge denied his petition in error. This argument amounts to a

6

challenge to the sufficiency of the evidence supporting the judge's finding that he was "a major participant" in the underlying felonies and acted "with reckless indifference to human life" within the meaning of section 189, subdivision (e)(3). When addressing such a challenge, "we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Cravens* (2012) 53 Cal.4th 500, 507.)

Under section 189, "[a] participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder" if "[t]he person was a *major participant* in the underlying felony and acted with *reckless indifference to human life*, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e), italics added.)

In this context, a major participant is someone whose "personal involvement" in the qualifying felony is "substantial" and "greater than the actions of an ordinary aider and abettor" (*People v. Banks* (2015) 61 Cal.4th 788, 802 (*Banks*)), but they "need not be the ringleader" (*People v. Williams* (2015) 61 Cal.4th 1244, 1281). The factors for evaluating whether a defendant qualifies as a major participant include: (1) the defendant's role in planning the felony; (2) their role in "supplying or using lethal weapons"; (3) their awareness of the "particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants"; (4) their presence "at the scene of the killing" and thus whether they were "in a position to facilitate or

7

prevent the actual murder"; (5) whether their "own actions or inaction play[ed] a particular role in the death"; and (6) their actions after the use of lethal force. (*Banks*, at p. 803.)

A person acts with reckless indifference to human life when they "'knowingly engag[e] in criminal activities known to carry a grave risk of death.'" (*People v. Clark* (2016) 63 Cal.4th 522, 616.) Participating in an armed burglary or armed attempted robbery, on its own, is insufficient to show a reckless indifference to human life. (*In re Scoggins* (2020) 9 Cal.5th 667, 678.) The factors for evaluating whether a defendant meets this standard include: (1) their awareness that a lethal weapon would be used, whether they personally used a lethal weapon, and the number of lethal weapons used; (2) their "[p]roximity to the murder and the events leading up to it"; (3) the length of time they or their confederates restrained the victim; (4) their knowledge of a confederate's likelihood of killing; and (5) whether they made an effort to minimize the risk of violence. (*Clark*, at pp. 618-622.) In regard to both standards, no single one of these factors is necessary, nor is any one necessarily sufficient. (*Banks*, *supra*, 61 Cal.4th at p. 803; *Clark*, at p. 618.)

Here, the record supports a finding that Faumui was a major participant in the burglary and attempted robbery because the People produced evidence that Faumui had taken part in the home invasion and was the one who fought with the victim before the victim was shot. The record also supports a finding that Faumui acted with reckless

8

indifference to human life because the People presented evidence that, during his struggle with the victim, he urged his accomplices to fire their weapons.

Even if we assume, for the sake of argument, that the record contains some evidence to support a finding that Faumui didn't know his armed accomplices would in fact discharge their weapons, the judge was free to discount that evidence and credit instead the evidence that Faumui told his accomplices to "shoot him" while knowing full well that they were armed and the victim was an easy target. When the record contains evidence to support more than one inference, we defer to the fact finder's resolution of credibility issues so long as their decision is supported by substantial evidence. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) Because that is the case here, we reject Faumui's claim that the record compels a different result.

## III

## DISPOSITION

We affirm the order denying Faumui's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

CODRINGTON
Acting P. J.

MENETREZ
J.

9